Solomon N. Seale and Yvonne F. Seale v. Commissioner.
Seale v. Commissioner
Docket No. 17272.
United States Tax Court
1950 Tax Ct. Memo LEXIS 297; 9 T.C.M. (CCH) 48; T.C.M. (RIA) 50016; January 18, 1950
*297 Solomon N. Seale, pro se. Homer F. Benson, Esq., for the respondent. DISNEY
Memorandum Findings of Fact and Opinion DISNEY, Judge: This case involves Federal income tax for the calendar years 1945 and 1946. Deficiencies were determined in the amounts of $168.41 and $146.12, respectively. The principal question for determination is whether the petitioner is entitled to certain deductions, for interest, taxes, depreciation, and expense of farm operations. We make the following Findings of Fact The petitioners are husband and wife, residents of Birmingham, Alabama. Their returns for the taxable years were filed with the collector for the district of Alabama. Solomon N. Seale will be hereinafter referred to as petitioner. The petitioner's mother is Evelyn G. Seale. She is an invalid and diabetic, aged 72 at the time of trial. During 1945-1946 she lived at Livingston, Alabama, about 120 miles from Birmingham. During 1946 her husband, petitioner's father, was living with her. He had lost both arms about 38 years ago and could not feed himself or take care of himself. The petitioner visited his parents about twice a month. She owned, during the taxable years, two *298 farms in Alabama, one in Sumpter County, the other in Lowndes County. About 1935 she turned control of the farms over to the petitioner, who has since handled and controlled them. She told him: "If you take the property and save it, it will be yours and your sister's." He collected the rent, put it in his bank account, and paid, out of his bank account, the debts incurred as to the farms, paying for the taxes, interest, insurance, fertilizer, feed and seed. The income from the farms was not sufficient to pay the debts as to interest, insurance, and taxes, and petitioner supplemented it to make the payments. On one occasion his mother gave him a power of attorney, for which a bank had asked, in connection with some rents on the land. He and his sister contributed to the support of their parents. He claimed depreciation on the property. The property was deeded to petitioner by his mother about 1947, at his request, after this controversy arose as to income tax. For the taxable years the petitioner was allowed exemption because of his mother as a dependent. The farms were rented to tenants, on a share basis, by the petitioner. His mother had nothing to do with the renting. He did *299 not turn the rentals over to his mother, but reported it as his income. He paid his mother $40 a month upon which to live. Petitioner's name was not on the notes, interest on which he claimed as deductible interest paid. His mother signed the notes and mortgages on the land. The farms had a total value of about $11,000, and the mortgage thereon totalled about $5,200. His father did not sign the papers for he could not sign his name. The petitioner's mother had a home, in which she lived, in Livingston, worth about $7,500. It was mortgaged in the same mortgage with the farm in Sumpter County. Petitioner's mother was never well after a spell of sickness about 1938. She told petitioner to take care of the mortgage and pay it up, and petitioner then took charge. He treated the property as if he had a deed to it. The petitioner assigned as error the Commissioner's disallowance of the following items: For the year 1945: Farm operation loss $71.43, interest $264, also interest $72, $103.38 state and county taxes on property; for the year 1946: Interest $264, also interest $72, $104.44 property tax. On their return for 1945 the petitioners reported a loss of $71.43 on income from rents *300 and royalties, as follows: "Rent from farms" $378.57, depreciation $200, other expenses $250 (listed as "Ins. $20.00, Seed & Fertilizer $180.00, Feed $22.50, Cost of attending to Farms $27.50," total $250). The depreciation deduction is explained as on a $4,000 basis, depreciation claimed in former years $200, estimated life of 20 years, with 19 years remaining life. The items of $264 for interest paid to H. L. Mellen & Co. and $72 to Steve Holiday, and $103.88 for taxes, are shown on the return. The return for 1946 shows a loss of $258.61 in "income from rents and royalties" computed as follows: $270.78 income from "farms," depreciation $320.64, other expenses $208.75. The depreciation is explained as on a basis of $4,000, depreciation claimed in former years $400, estimated life 20 years, remaining life estimated 18 years, depreciation taken $200. The $320.64 is explained as: Insurance $20, Seed & Fertilizer $122.50, Feed $29.75, Cost of attending Farms $37.50. The items of interest appear the same as in the return for 1945; that for taxes is $104.44. Opinion The petitioner filed a memorandum brief, in substance contending: That for about 15 years he had had control of the *301 farms belonging to his mother, but turned over to him by her, with the statement that if he took care of and saved the property it would be his and his sister's; that he had furnished his mother her livelihood; that an official pamphlet entitled "How to Prepare Your United States Income Tax Return" recites: "If you receive rent from property owned or controlled by you * * * you can also deduct ordinary and necessary taxes, interest, repairs, insurance, agent's commissions, maintenance and similar items * * *." (Italics supplied) Petitioner also cites a Memorandum Opinion as authorizing deduction of taxes by one who held ownership except bare legal title. That case is clearly distinguishable from the one here at hand, for the taxpayer therein paid for the land and took title, for reasons of protection against business hazard, in the name of his wife, who at that time agreed to reconvey to him on request. Clearly the petitioner there had full ownership except bare legal title. Here it is clear that petitioner was not possessor of all title except bare legal title, for his mother appears as full owner. She had, it is true, made an oral promise that the property would belong to petitioner *302 and his sister if he would save it, but at what time, whether at her death or some other time, does not appear. Certainly he is not shown to be the owner in the taxable years. Such theory is negatived by the fact that at one time she gave him a power of attorney pertaining to some rents from the lands. Moreover, doubt is raised as to whether the petitioner had considered himself as, in effect, the owner of the property for about 15 years as, in substance, he contends, by his returns for the two taxable years, for therein he discloses, under explanation of deduction for depreciation, that he estimates the life used in accumulating depreciation as 20 years but that the remaining life is estimated in 1945 as 19 years and in 1946 as 18 years. From this it would appear that the petitioner had not, previous to 1944, claimed depreciation on the improvements on the two farms. If he had throughout the 15 years of which he speaks considered himself as the effective owner, no reason appears why he would not have been at all times claiming depreciation. In any event, it is well settled that in order to be entitled to deduction of taxes one must be the owner of the property taxed. Deduction of *303 taxes is based upon the liability therefor and everything before us indicates that petitioner was not liable for such taxes. ; ; , affirmed . The deduction for taxes is disallowed as to both years. The logic and the law is the same as to interest. The property belonged to the mother and she, and not the petitioner, signed the notes and mortgages and was liable for the interest. Deduction thereof for both years is, therefore, disallowed. , affirmed ; ; . For the same reasons the farm operation loss of $71.43 for 1945 is denied, since whether there was a loss depends upon the allowance of depreciation claimed in the amount of $200 and it is not deductible by the petitioner who is not the owner of the property. Weiss v. . See also . *304 Also, the amount of the depreciation actually sustained was not proven. The statement from the pamphlet, above referred to as relied upon by the petitioner, is not construed as authorizing deduction of interest, taxes or depreciation, upon property belonging to another. In any event, the cases above cited make it inapplicable here. Decision will be entered for the respondent.